**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **CHASE OSBORNE**, on behalf of himself and others similarly situated,<br><br>    Plaintiff(s),<br><br>v.<br><br>**CHOI'S SPORTS TIME, LLC** D/B/A SPORTSTIME BAR & GRILLE, and **CLAUDIA CHOI**, Individually,<br><br>    Defendants. | Case No: |

## COLLECTIVE ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHASE OSBORNE, ("Plaintiff"), on behalf of himself and others similarly situated, files this Collective Action Complaint against Defendants, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE and CLAUDIA CHOI, Individually, (hereinafter "Defendants"), for failure to pay proper minimum wages and overtime compensation to all servers (hereinafter "servers" or "class members"), and other relief under the Fair Labor Standards Act, as amended, (hereinafter the "FLSA").

## NATURE OF CASE

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce that double payment must be made in the event of a delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

Defendants violated the FLSA by failing to pay Plaintiff and class members within the past three (3) years at least the full minimum wages and overtime compensation for all hours worked pursuant to the FLSA. Defendants also violated the FLSA by failing to pay Plaintiff and class members within the past three (3) years proper overtime wages for all hours worked over forty (40) within a workweek. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule

57, Fed. R. Civ. P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## JURISDICTION & VENUE

1. This action is brought under the FLSA to recover from Defendants, damages and reasonable attorneys' fees and costs. This action is intended to include each and every server whom worked for Defendants at any time within the past three (3) years.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

3. This Court has jurisdiction and venue over this Complaint as Defendants' principal address is in Gwinnett County, Georgia.

## PARTIES

4. Defendant, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE (hereinafter also referred to as "Sportstime Bar & Grille"), is a Georgia corporation, licensed to do, and conducting business in the State of Georgia, and at all material times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

5. Defendant, CLAUDIA CHOI (hereinafter "Choi"), is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, Sportstime Bar & Grille, and resides in the State of Georgia. This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Georgia.

6. Plaintiff, CHASE OSBORNE, and the proposed class members worked for Defendants at its lounge as servers. Plaintiff and the class members are hourly paid servers whom worked for Defendants within the last three (3) years.

## **GENERAL FACTUAL ALLEGATIONS**

7. Plaintiff and the class members worked as servers for Defendants.

8. Defendants employed Plaintiff at their business located at 3675 Satellite Boulevard, N.W., Suite 1030, Duluth, Georgia 30096, within the relevant time period.

9. Plaintiff and the class members were paid pursuant to a "tip credit" method and were paid the minimum wage minus the tip credit.

10. At all material times, the tip credit deducted was $2.13 per hour.

11. At all material times, Defendants were an enterprise subject to the FLSA's provision on minimum wages and overtime compensation.

12. At all material times, Defendants were an enterprise subject to and failed to comply with 29 U.S.C. §§201-209 since Plaintiff and the class members performed services for Defendants for which no provisions was made by Defendants to properly pay for hours worked in excess of forty (40) within a work week.

13. At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Defendants' employees ran credit card transactions which transacted business in commerce on a daily basis and also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which travelled in commerce on a daily basis.

15. At all material times (2014 - 2017), Defendants had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

16. Additionally, Plaintiff and the class members were engaged in commerce during their employment with Defendants as a result of their use of credit

card machines and other restaurant equipment which transmitted communications in commerce.

17. Defendants are in the business of providing food and drinks to the general public.

18. Defendants employed Plaintiff and the class members in the last three (3) years.

19. Plaintiff and the class members were not paid proper minimum wages and overtime compensation for hours worked in excess of forty (40) hours within a work week.

20. Defendants controlled and/or were responsible for the work of Plaintiff and the class members.

21. Plaintiff and the class members did a specific job, i.e., serve food and drinks, which was/is an integral part of the restaurant business of Defendants.

22. Defendants utilized the tip credit and paid Plaintiff and the class members under the applicable tipped minimum wage.

23. Defendants did not pay any hourly wage to its servers or bartenders.

24. Defendants' servers and bartenders only earned tips.

25. Defendants' servers and bartenders should have received at least $2.13 per hour.

26. Defendants failed to provide Plaintiff and the class members with proper notice that it would pay Plaintiff and the class members pursuant to a tip credit method.

27. Hence, Defendants violated the terms of the tip credit and the FLSA's provision on minimum wages.

28. As a result of these common policies, Plaintiff and the class members are entitled to receive full minimum wage for each hour worked.

29. Additionally, Defendants failed to pay Plaintiff and the class members proper overtime wages for all overtime hours worked.

30. During their employment, Plaintiff or one or more of the class members complained about the illegal practices above-describing Defendants' management, and Defendants took no action to stop the illegal practices.

31. The additional person(s) whom may become plaintiffs in this action are employees with positions similarly situated to Plaintiff and whom suffered from the same pay practices of being improperly paid the tipped minimum wages and overtime compensation.

32. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and class members are in the possession and custody of Defendants.

## COLLECTIVE/CLASS ALLEGATIONS

33. Class members are treated equally by Defendants.

34. Defendants have approximately employed an excess of forty (40) class members who were paid pursuant to tip credit within the past three (3) years.

35. Defendants paid Plaintiff and the class members an hourly wage, plus tips.

36. Plaintiff and the class members worked in the same location.

37. Plaintiff and the class members were not paid proper minimum wage for all hours worked.

38. Plaintiff and the class members were not paid proper overtime wages.

39. Plaintiff and the class members were required to relinquish a large portion of their tips to Defendants.

40. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

41. Defendants were aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

42. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

43. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

44. Plaintiff and the proposed class members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **All servers whom worked for CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE within the last three (3) years.**

45. The exact number of members of each class can be determined by reviewing Defendants' records. Plaintiff, under information and belief, is informed there are numerous of eligible individuals in the defined class.

46. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

47. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when

compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

**COUNT I**
**VIOLATION OF THE FLSA AGAINST CHOI'S SPORTS TIME, LLC**
**d/b/a SPORTSTIME BAR & GRILLE**
**(Minimum Wage)**

48. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 47 as if fully incorporated herein.

49. At all relevant times, Defendant, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE, has been, and continues to be, an employer engaged in commerce and/or for the production of goods for commerce, within the meaning of the FLSA.

50. At all relevant times, Defendant, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE, employed and/or continues to employ similarly situated servers.

51. Defendant, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE, failure to pay Plaintiff and other similarly situated servers the full minimum wage is a violation of 29 U.S.C. § 206.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

# COUNT II
## VIOLATION OF THE FLSA AGAINST CLAUDIA CHOI
**(Minimum Wage)**

53. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 47 as if fully incorporated herein.

54. At all relevant times, Defendant Choi, is/was the acting manager for Sportstime Bar & Grille.

55. At all relevant times, Defendant Choi, hired/fired employees for Sportstime Bar & Grille.

56. At all relevant times, Defendant Choi, set the pay rates and policies for Sportstime Bar & Grille.

57. At all relevant times, Defendant Choi, was in charge of the day-to-day operations of Sportstime Bar & Grille.

58. Defendant Choi's failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

# COUNT III
# RECOVERY OF OVERTIME COMPENSATION
# AGAINST CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE

60. Plaintiff re-alleges and reincorporates all allegations contained in Paragraphs 1 – 47 as if fully incorporated herein.

61. Plaintiff and the class members were not paid proper overtime for all hours worked.

62. Plaintiff and the class members were required to perform overtime hours.

63. Plaintiff and the class members are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

64. During their employ with Defendant, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE, Plaintiff and the class members worked overtime hours but were not paid proper time and one-half compensation.

65. Plaintiff and the class members seek payment of unpaid overtime within the last three (3) years from the filing of this Complaint.

66. Defendant's, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE, violations were willful in that it failed to keep accurate time records as required by the FLSA.

67. Defendant's, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE, violations were willful in that it refused to post notice of applicable FLSA laws as required by the FLSA.

68. As a result of Defendant's, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE, intentional, willful and unlawful acts in refusing to pay Plaintiff and the class members time and one-half the regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff and the class members suffered damages in the loss of overtime compensation for one or more weeks of work during their employ with Defendant, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE.

**COUNT IV**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST CLAUDIA CHOI**

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 47 above.

70. Defendant Choi is the Owner and President of CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE.

71. Defendant Choi is an Owner who acted with direct control over the work, pay, and job duties of Plaintiff.

72. Defendant Choi had the power to hire and fire Plaintiff.

73. Defendant Choi supervised and controlled Plaintiff's work schedule, job duties and responsibilities, and/or conditions of employment.

74. Defendant Choi determined Plaintiff's rate and method of payment.

75. Defendant Choi maintained employment records.

76. As such, Defendant Choi is charged with the responsibility for violations of Plaintiff's rights to overtime and resulting damages.

## COUNT V
## **DECLARATORY RELIEF**

77. Plaintiff re-alleges and reincorporates all allegations contained in Paragraphs 1 – 47 as if fully incorporated herein.

78. The Court has jurisdiction to hear Plaintiff's and Defendants' underlying and pending dispute, under the Fair Labor Standards Act, pursuant to 28 U.S.C. § 1331.

79. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

80. Plaintiff may obtain declaratory relief.

81. Defendants employed Plaintiff and the other class members as servers.

82. Plaintiff and the class members are/were individually covered by the FLSA.

83. Defendants failed to pay Plaintiff and the class members the proper minimum wage.

84. Defendants failed to pay Plaintiff and the class members proper overtime pay.

85. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

86. Plaintiff and the class members are entitled to the full minimum wage pursuant to 29 U.S.C. § 206.

87. Plaintiff and the class members were not given proper notice of Defendants' intent to pay them pursuant to the tip credit under FLSA rules.

88. Defendants did not have a good faith basis that its pay policies relative to Plaintiff and the class members were in compliance with the FLSA.

89. Plaintiff and the class members are entitled to an equal amount of liquidated damages.

90. Defendants' pay policies related to Plaintiff and the class members was done with reckless disregard for the FLSA.

91. It is in the public interest to have the declaration of rights recorded since Defendants still employ servers subject to the same policies at issue.

92. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

93. The declaratory judgment action affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

**WHEREFORE**, Plaintiff, CHASE OSBORNE, on behalf of himself and others similarly situated, demands judgment against Defendant, CHOI'S SPORTS TIME, LLC d/b/a SPORTSTIME BAR & GRILLE, and CLAUDIA CHOI, individually, for unpaid minimum wages, overtime compensation, an additional and equal amount of liquidated damages, a declaration consistent with Count V, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury

[*Signature on Following Page*]

Respectfully submitted,

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Ga. Bar No.: 488443
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Direct: (404) 496-7295
Main: (404) 965-8811
Facsimile: (404) 965-8812
E-mail: CLeach@forthepeople.com
*Attorneys for Plaintiff(s)*